IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURT THOMAS, | ) |
| | ) Civil Action No. 04-1960 |
| Plaintiff, | ) |
| | ) Judge Thomas Hardiman / |
| v. | ) Magistrate Judge Lisa Lenihan |
| | ) |
| DR. WILLIAM CONFORTI, et al., | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that defendants' motions to dismiss (Docket #s 17, 19 and 25) be granted since all of plaintiff's claims are barred by his failure to exhaust administrative remedies.

**II. REPORT**

Plaintiff, Curt Thomas, filed this civil rights case on December 30, 2004. Thomas is presently incarcerated at the State Correctional Institution at Forest, located in Marienville, Pennsylvania. He alleges that, while incarcerated at the State Correctional Institution at Greensburg he was denied necessary medical care for Hepatitis C from February, 2003 until September 28, 2004. He alleges that individual defendants, doctors, medical personnel and a prison administrator, conspired to deprive him of needed medical care. In his complaint, Thomas concedes that he did not utilize the grievance process at SCI Greensburg, asserting that the "grievance system at S.C.I. Greensburg is a joke, a useless process . . .." (Docket #3 at ¶V).

All named defendants have moved to dismiss the complaint (Docket #s 17, 19 and 25) and have filed briefs in support of those motions (Docket #s 18, 21 and 26). It is asserted that Thomas has conceded the lack of exhaustion of administrative remedies, thereby depriving this court of jurisdiction. Thomas has responded to the motions (Docket #s 23 and 28), arguing that he should be excused from exhaustion since it would have been futile for him to have filed grievances at SCI Greensburg. The motions to dismiss are now ripe for disposition.

### A.     Legal Standard.

Thomas seeks to assert liability against the defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

A motion to dismiss pursuant to Rule 12(b)(6) cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end, but whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. Estelle v. Gamble, 429

U.S. 97 (1976). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon, 467 U.S. at 73 (1984).

Further, where a plaintiff is proceeding pro se, the standard differs slightly. A pro se complaint, "however inartfully pleaded," is subject to more liberal review than a district court's review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In liberally construing a pro se plaintiff's pleadings, we will "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 687 (3d Cir.2002). This more liberal standard of construction means that a pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21.

### B. Exhaustion of Administrative Remedies.

#### 1. Applicable law.

The applicable and mandatory exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies, and this is true even if the ultimate relief sought is not available through the administrative process. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 121 S.Ct. 1819 (2001). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). Further, the Third Circuit has reaffirmed the vigor with which the exhaustion requirement §1997e(a) must be applied. It is not enough for a prisoner to establish "there is no further process available to the inmate within the grievance system (which would happen if, say, an inmate fails to file an administrative appeal)...." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004). Rather, the Spruill court made plain that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id. In short, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, supra, 204 F.3d at 73 (quotation omitted).

The Spruill court also explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. 372 F.3d at 228-229 (3d Cir. 2004). The Court explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate

> grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final stage of review, and he would now be barred under the prison's policy from again presenting his claim, then he has procedurally defaulted his claim for purposes of §1997(e)(a).

### 2.     Analysis

The complaint in this case clearly states that Thomas has not presented the instant facts through the available grievance process at SCI Greensburg (Docket #3, ¶V(B)). Defendants assert, therefore, that plaintiff's claims have not been exhausted through the Department of Corrections' (DOC) grievance procedure, and that this requires the court to dismiss plaintiff's claims for failure to exhaust, or on the basis that they are now procedurally defaulted under the DOC's procedure.

The Pennsylvania DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: the initial grievance submitted to the Facility Grievance Coordinator, an intermediate level of appeal to the Facility Manager, and a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals. Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System,

Policy No. DC-ADM 804 § VI. See also Booth v. Churner, 206 F.3d 289, 293 n. 2 (3d Cir.2000) (outlining the grievance review process). Again, in the Third Circuit, the exhaustion requirement of § 1997e(a) is not satisfied simply "whenever there is no further process available to the inmate within the grievance system (which would happen if, say, an inmate fails to file an administrative appeal)...." Spruill, 372 F.3d at 227-28. Rather, §1997e(a) requires that an inmate "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id.

In response to the motions to dismiss, plaintiff repeats his argument made in his complaint that the grievance procedure at SCI Greensburg is a "joke." As proof of the alleged futility of resorting to the grievance procedure, Thomas argues that he filed more than 30 grievances with respect to a prior lawsuit, and that each grievance was denied, with further administrative appeal resulting in a "rubber stamp" approval (Docket #28 at 2-3). He asks, "So am I required to use a system that has proven in a prior legal action to have failed me[?]" (id., at 3). The short answer to this loaded question is, simply, "Yes." This is so because the Court of Appeals has repeatedly reaffirmed that no "futility" exception exists with respect to the administrative exhaustion requirement. Ahmed v. Dragovich, supra; Nyhuis v. Reno supra.

Accordingly, all of plaintiff's claims should have been presented to the prison authorities pursuant to available administrative remedies. Plaintiff readily concedes that none of his claims were so presented[1]. Those claims may not be reviewed by this court and the motions to dismiss must be granted.

---

[1] See, e.g., Ray v. Kertes, 285 F.3d 287, 295 footnote 8 (3d Cir. 2002)(failure to exhaust may be raised in motion to dismiss in appropriate case).

**CONCLUSION**

Wherefore, on the basis of the foregoing, it is respectfully recommended that defendants' motions to dismiss (Docket #s 17, 19 and 25) be granted, and that all of plaintiff's claims be dismissed due to his failure to exhaust administrative remedies.

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

   s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2006

cc:    CURT THOMAS
       AM-4321
       SCI Forest
       P.O.Box 945
       Marienville, PA 16239

       Elizabeth M. Yanelli
       Pietragallo, Bosick & Gordon

One Oxford Centre
38th Floor
Pittsburgh, PA 15219

Patricia L. Dodge
Metz Lewis
11 Stanwix Street
18th Floor
Pittsburgh, PA 15222

Craig E. Maravich
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219